UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA MICHELLE M., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | No. 3:19-CV-00328-B-BT |
| ANDREW SAUL, | § | |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Findings, Conclusions, and Recommendation (FCR) of the United States Magistrate Judge Rebecca Rutherford dated December 27, 2019 (Doc. 19). Plaintiff timely objected to the FCR on the grounds that the magistrate judge did not consider one of her arguments. Obj. 2 (Doc. 20). The Court has made a *de novo* review of the FCR in light of this objection. The objection is overruled, and the Court accepts the FCR for the reasons that follow.

Plaintiff's objection presents a new argument that was not adequately briefed and thus was not fairly before the magistrate judge in this social security appeal. A party's entitlement to *de novo* review before the District Court upon filing objections to an FCR does not entitle her to raise issues which were not adequately presented to the magistrate judge. *See Hull v. Ocwen Loan Servicing, LLC*, 2013 WL 3089050, at *1 (N.D. Tex. June 19, 2013) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec., Inc.*, 840 F.2d 985, 990-91 (1st Cir. 1988)). Plaintiff's argument as originally briefed was that the ALJ committed error under *Newton v. Apfel*, 208 F.3d 448 (5th Cir. 2000) by affording little weight to two treating source opinions without

1

first analyzing the factors set forth in 20 C.F.R. § 416.927. Pl.'s Br. 9 (Doc. 16); Reply 2-3 (Doc. 18). Plaintiff concedes that the magistrate judge determined that the ALJ demonstrated sufficient consideration of the factors, but she objects that "the Magistrate Judge did not address Plaintiff's *additional* argument, that the ALJ is not free to reject the opinion of the treating physician and to interpret treatment notes to derive a residual functional capacity assessment." Obj. 2 (emphasis added). By her objection, Plaintiff now maintains that the ALJ has improperly "played doctor" by substituting the ALJ's lay opinion for the opinion of the medical experts who evaluated Plaintiff and that it was impermissible for the ALJ to do so in determining Plaintiff's limitations. *See* Obj. 4.

Plaintiff's objection asserts that the ALJ committed error under *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1985), which prohibits an ALJ from rejecting all medical opinions in the record and independently assessing a claimant's RFC without the aid of medical evidence. The Court disagrees that a *Ripley* argument was an "additional" argument fairly before the magistrate judge as the case was originally briefed. While a citation to *Ripley* appears—albeit, buried in a block quotation—in Plaintiff's reply, nowhere in her opening brief or her reply does Plaintiff accuse the ALJ of "playing doctor," substituting her own judgment for that of a medical expert, or committing a *Ripley* error. Plaintiff originally argued that the ALJ had committed a *Newton* error for failing to consider the factors set forth in 20 C.F.R. § 416.927 in affording the treating source opinions little weight. *See* Pl.'s Br. 10 ("[T]he ALJ is not qualified to review a doctor's treatment notes and to search for inconsistencies *as a means of avoiding application of the factors set forth in the [regulations.]*") (emphasis added); *id.* at 12 ("[T]he ALJ never referred to specific evidence and treatment notes which would refute the opinion of the treating psychiatrist; is not permitted to scan the doctor's treatment notes as a basis for contravening the opinion of the treating psychiatrist, *and failed to apply the factors set*

*forth in the [regulations.]*") (emphasis added); Reply 3 ("But scanning a doctor's treatment notes is not competing, first-hand medical evidence from another source which would contravene the opinion of the same physician who authored the treatment notes. Inconsistencies within a treating source's own records do not fall within the competing first-hand medical evidence exception recognized in *Newton* and *'do not justify bypassing the detailed analysis of the six factors.'*") (emphasis added); *id.* at 5 ("But here, the ALJ referred to no evidence at all to refute Dr. Deboer's opinion regarding Plaintiff's limitations in using her hands. *This is insufficient to exempt the ALJ from applying the § 416.927 factors.*") (emphasis added). The magistrate judge addressed Plaintiff's *Newton* argument in Section I.A. of her FCR and found that the ALJ adequately analyzed the § 416.927 factors. The magistrate judge did not assess whether the ALJ complied with *Ripley* because Plaintiff did not fairly brief a *Ripley* error.

After conducting a *de novo* review, the Court overrules Plaintiff's objection to the FCR because it constitutes a new argument not fairly before the magistrate judge. The Court accepts the magistrate judge's FCR (Doc. 19).

**SO ORDERED** this 28th day of January, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE